

**SIGNED this 21 day of May, 2006.**

_____
**R. Thomas Stinnett
UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION**

In re:  No. 05-17118
 Chapter 7
JAMES ROBERT CHRISTIAN
PANSY MAE CHRISTIAN,

    Debtors.

JERROLD D. FARINASH, Trustee,

    Plaintiff,

v.  Adv. Pro. 06-1046

BANK OF AMERICA,

    Defendant.

## MEMORANDUM OF LAW

The defendant, Bank of America (hereinafter "Bank"), has filed a motion to

dismiss this adversary proceeding pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings pursuant to Rule 7012(b). For cause, the Bank asserts that this court lacks venue over these proceedings. The plaintiff, Jerrold D. Farinash, Trustee (hereinafter "Trustee"), has filed a response in opposition to the Bank's motion.

The Bank asserts that venue is improper in this adversary proceeding because the debtors are residents of the State of Georgia, and their principal assets and business and financial affairs are primarily within the State of Georgia. With very few exceptions, none of which are applicable in this proceeding, the correct venue for an adversary proceeding is the court wherein the bankruptcy case is pending. 28 U.S.C. §§ 1408(a), 1409(a); Fed. R. Bankr. P. 1014(a)(2). *See also*, *York v. Bank of America, N.A. (In re York)*, 291 B.R. 806 (Bankr. E.D. Tenn. 2003); *Farinash v. First Union National Bank (In re Blackmon)*, 283 B.R. 910 (Bankr E.D. Tenn. 2002). Furthermore, by failing to timely challenge venue in the debtors' bankruptcy case, the Bank waived that issue in the adversary proceeding. *York*, at 810.

Accordingly, upon consideration of the Bank's motion to dismiss, the brief in support thereof, and the timely response of the Trustee, the Court will enter an order contemporaneously herewith denying the Bank's motion.

# # #